STEARNS & a. v. HINSDALE & a.

61    433
f74    199

Under c. 67, Gen. Laws, authorizing towns in this state situate on Connecticut river to contract with contiguous towns in Vermont as to the construction and maintenance of highways across that river, the authority to contract is vested in such towns exclusively, and is to be exercised or not at their option

A report of county commissioners, refusing to lay out a highway across that river, will not be recommitted by the court because at the hearing evidence of a proposal made by a contiguous town in Vermont to defray a portion of the expense of building and maintaining the proposed highway was rejected.

PETITION, for a new highway in Hinsdale over the bridge cross-ing the Connecticut river to Brattleborough, Vt. The petition was sent to the county commissioners. Before the hearing the town of Chesterfield was made a party defendant. The commis-sioners made report that the cost of making the proposed high-way would be excessively burdensome to the defendants, and that the public exigency did not justify the imposition upon them of so great a burden. At the hearing the petitioners offered to show that Brattleborough proposed by its selectmen to bind itself to pay a part of the cost of building the highway, and to contribute towards the expense of supporting it, and also offered in evidence a record of the action of that town relating thereto; but the com-missioners excluded the evidence on the ground that they could not legally consider such offer, and the plaintiffs excepted. The commissioners filed with their report a supplementary statement that the highway ought to be laid out provided Brattleborough could be legally bound to pay its just proportion of the expense of building and maintaining it.

On the return of the report to the court "the petitioners moved that it be recommitted, with instructions (1) that the town of Brattleborough, by a legal vote, can, through its selectmen, offer to the town of Hinsdale a legal obligation to perform what it has offered, which the commissioners may consider; (2) that a good and sufficient obligation of the town of Brattleborough for the ben-efit of the town of Hinsdale would be a sufficient act under the law to warrant the commissioners in considering the offer; (3) that Hinsdale cannot resist the prayer of the petitioners by refus-ing to accept a proper and sufficient obligation tendered by Brat-tleborough, if the commissioners should be of the opinion that Hinsdale should accept it and the road be laid; and (4) that the court give to the commissioners such instructions as the case war-rants."

*D. H. Woodward,* for the plaintiffs.

*Lane & Dole* and *Batchelder & Faulkner,* for the defendants.

BLODGETT, J. By *ss.* 11 and 12, *c.* 67, Gen. Laws, any town in this state, situate on Connecticut river, is empowered at any legal meeting to authorize the selectmen thereof to unite with the select-men or other proper officer of any contiguous town in Vermont, and contract with them for the purchase of any real estate, or the privilege, easement, or franchise of any bridge or ferry corpora-tion, if in their opinion the public good requires a public high-way to be laid out over said property, and also to contract and agree as to the proportion of expense to be borne by each town in such purchase, and in the construction and maintenance of a high-way over said river, including also the proportion which each town

shall contribute towards the payment of damages to third persons in the use of such highway, subject, however, to the approval of such towns.

The effect of these provisions is to apply an essentially different principle in the case of proposed highways between this state and Vermont than obtains in the case of highways generally, which can legally be established only when required by the public convenience and necessity and through the exercise of the right of eminent domain, whereas in highways across the Connecticut river the public welfare is not made a controlling consideration, but the question of convenience and necessity is made the subject-matter of contract to be agreed upon by the parties; and neither directly nor by implication is any power of revision conferred upon the county commissioners or the court. On the contrary, the towns to be connected have full power to act as they may think best, and are made the sole judges of what their interests require; and therefore, while in highway hearings commissioners have exclusive jurisdiction as to the admission and rejection of evidence (G. L., c. 69, s. 8), they have no power to compel the defendants to enter into a contract tendered by Brattleborough in respect to the proposed highway. The authority to make such contract is vested absolutely in the defendants, and they cannot be devested of it except by the legislature. And as the commissioners could legally lay out the highway only on the ground that it was required for the public accommodation, bearing in mind the burden thereby to be imposed on the defendants, no error of law is discovered in their conclusion that the public exigency does not require the imposition of so great a burden upon them.

All the motions are denied (see *Freeman* v. *Plainfield*, 52 N. H. 146, 147), and the defendants are entitled to

*Judgment on the report.*

CARPENTER, J., did not sit: the others concurred.